## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THANKOORDEO SINGH, on behalf of himself and all others similarly situated, | Civil Case Number: 1:18-cv-63 (FJS/CFH) |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MONARCH RECOVERY MANAGEMENT, INC.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, THANKOORDEO SINGH, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, MONARCH RECOVERY MANAGEMENT, INC. ("MONARCH"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Schenectady, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MONARCH maintains a location at 10965 Decatur Road, Philadelphia, PA 19154.

8.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York

consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from MONARCH concerning a debt owned by SYNCHRONY BANK ("SYNCHRONY"), which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to February 22, 2017, Plaintiff allegedly incurred a financial obligation to SYNCHRONY.

16.     The SYNCHRONY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     Plaintiff incurred the SYNCHRONY obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18.     Plaintiff did not incur the SYNCHRONY obligation for business purposes.

19.     The SYNCHRONY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     SYNCHRONY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     On or before February 22, 2017, SYNCHRONY referred the SYNCHRONY obligation to MONARCH for the purpose of collections.

22.     At the time SYNCHRONY referred the SYNCHRONY obligation to MONARCH, the obligation was past due.

23.     At the time SYNCHRONY referred the SYNCHRONY obligation to MONARCH, the obligation was in default.

24.     Defendant caused to be delivered to Plaintiff a letter dated February 22, 2017, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

25.     The February 22, 2017 letter was sent to Plaintiff in connection with the collection of the SYNCHRONY obligation.

26.     The February 22, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     The February 22, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

28.     Upon receipt, Plaintiff read the February 22, 2017 letter.

29.     At two different locations in the February 22, 2017 letter, MONARCH provided the following information regarding the balance of the SYNCHRONY obligation:

Total Balance as of 22 FEB 2017     $1679.08

30.     The February 22, 2017 letter stated in part:

As of the date of this letter, you owe $1679.08.

31.     MONARCH did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

32.     The total balance alleged to be due on the SYNCHRONY obligation did not increase since the SYNCHRONY obligation was charged-off.

33.     SYNCHRONY never authorized MONARCH to charge or add interest to the balance of the SYNCHRONY obligation.

34.     SYNCHRONY never authorized MONARCH to add interest or other charges to the balance of the SYNCHRONY obligation.

35.     As some time prior to February 22, 2017, SYNCHRONY ceased charging or adding interest to the balance of the SYNCHRONY obligation.

36.     As some time prior to February 22, 2017, SYNCHRONY ceased adding interest or other charges to the balance of the SYNCHRONY obligation.

37.     As late as June 2017, SYNCHRONY had reported to one or more national credit reporting agencies that the balance due on the SYNCHRONY obligation was $1,679.

38.     By presenting the balance due as a dynamic balance when in fact it was static, Defendant violated the FDCPA. *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 (E.D.N.Y. Oct. 31, 2017).

## POLICIES AND PRACTICES COMPLAINED OF

39.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)    Making a false representation of the character, amount legal status of the debt.

40.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

41.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43.    Defendant's February 22, 2017 letter would lead the least sophisticated consumer to believe that Defendant stated that the amount due could increase due to additional interest or other charges.

44.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

45.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the SYNCHRONY obligation could increase.

46.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the SYNCHRONY obligation could increase due to interest or other charges.

47.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the SYNCHRONY obligation could increase.

48.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the SYNCHRONY obligation could increase due to interest or other charges.

49.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the SYNCHRONY obligation could increase due to interest or other charges.

50.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

51.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

52.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest or other charges.

53.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

54.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

55.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

56.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges or other charges.

57.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest or other charges.

58.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest or other charges.

59.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

60.     Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

61.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest or other charges when in fact the amount due would not and did not increase.

62.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63.     Defendants violated 15 U.S.C. § 1692e(10) by implying that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

64.     Defendants' implication that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to:   15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

65.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

66.     Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

67.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71.     Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

72.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73.     Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 12, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd. Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*　　　　　
Joseph K. Jones, Esq.

# Exhibit

# A

10965 Decatur Road
Philadelphia  PA  19154-3210
RETURN SERVICE REQUESTED

February 22, 2017

THAKOORDEO SINGH

# MONARCH
### Recovery Management, Inc.

| Account # | ************3674 |
| Monarch File # | ▉0235 |
| Total Balance as of 22 FEB 2017 | $1679.08 |

Make Check Payable to: Monarch Recovery

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 21089
PHILADELPHIA  PA  19114-0589

Pay Online ACH accepted: www.monarchrm.com and click 'Make a Payment'

* Detach and Return Top Portion to Expedite Your Account *

| ACCOUNT INFORMATION | | | |
|---|---|---|---|
| Date of letter: | February 22, 2017 | Creditor: | SYNCHRONY BANK |
| Account #: | ************3674 | | |
| Monarch File #: | ▉0235 | Additional Information: | PC Richards |
| Total Balance as of 22 FEB 2017: $1679.08 | | | Synchrony Bank |

This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK .

As of the date of this letter, you owe $1679.08.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid.  If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 10965 Decatur Road, Philadelphia, PA 19154, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly

**MATT FITHIAN DEBT COLLECTOR EXT 2435**

New York City Department of Consumer Affairs License #1345051 and #1345050.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

The total amount of the debt due as of charge off: $2465.03
Total amount of interest accrued since charge off: $0.00
Total amount of non-interest charges/fees accrued since charge off: $-267.50
Total amount of payments made on the debt since charge off: $560.42

Monarch Recovery Management, Inc. • 10965 Decatur Road • Philadelphia, PA 19154
1(800) 220-0605 or 1(215) 281-7500 • Hours: M-TH 8am – 11pm, F 8am – 5pm